FILED
AUG 1 2013
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

STRAIGHT PATH IP GROUP, INC., )
)
    Plaintiff, ) Case No. 1:13cv932
)
vs. )
)
BANDWIDTH.COM, INC., ) JURY TRIAL DEMANDED
)
    Defendant. )

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Straight Path IP Group, Inc. ("SPIPG") for its Complaint against Defendant Bandwidth.com, Inc. ("Defendant") alleges as follows:

### THE PARTIES

1. Plaintiff SPIPG is a Delaware corporation, with its principal place of business at 5300 Hickory Park Drive, Suite 218, Glen Allen, VA 23059.

2. Defendant Bandwidth.com is a Delaware corporation with a principal place of business at Venture Center III, 900 Main Campus Drive, Raleigh, NC 27606.

3. Both Bandwidth.com and Bandwidth.com CLEC, LLC, a wholly owned subsidiary of Bandwidth.com, are registered to do business in Virginia.

4. On information and belief, Defendant Bandwidth.com designs, develops, manufactures, and/or sells voice over internet protocol ("VoIP") products and/or services in the United States including Virginia. For example, Defendant Bandwidth.com sells products and services on its Phonebooth service through its websites or representatives reached via the contact information on its websites http://bandwidth.com/ and http://www.phonebooth.com.

## JURISDICTION AND VENUE

5. This is an action for patent infringement that arises under the patent laws of the United States, Title 35 U.S.C. §1 *et seq.* and seeks damages and injunctive relief as provided in 35 U.S.C. §§ 281, 283-285. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

7. This Court has personal jurisdiction over Defendant because Defendant has done and is doing substantial business in this District, both generally and with respect to the allegations in this Complaint, and Defendant has committed one or more acts of infringement in this District.

## THE ASSERTED PATENTS

8. SPIPG is the assignee of United States Patent Nos. 6,513,066 and 6,701,365 (collectively, the "Asserted Patents").

9. The Asserted Patents were previously litigated in *Net2Phone, Inc. v. eBay, Inc., et al.*, Civil Action No. 06-2469 (D.N.J.) ("Prior Litigation").

10. In 2009, Skype, Inc. ("Skype"), one of the defendants in the Prior Litigation, requested that certain claims of the Asserted Patents be reexamined by the United States Patent and Trademark Office.

11. During reexamination, the Examiner considered over one thousand cited references.

12. During reexamination, the Examiner also considered Skype's submissions, including its brief in support of its request for *ex parte* reexamination, a supporting declaration, claim charts, its comments on Net2Phone's validity expert's opinions, and the parties' claim construction briefing from the prior litigation.

13. The Examiner confirmed the validity of numerous claims of the Asserted Patents, many without any amendments, over all of the cited references and over all of Skype's submissions.

14. One or all of the Asserted Patents were previously litigated in *Innovative Communications Technologies, Inc. v. Stalker Software Inc.*, Civil Action No. 2:12-cv-00009 (E.D. Va.), *Innovative Communications Technologies, Inc. v. Vivox Inc.*, Civil Action No. 2:12-cv-00007 (E.D. Va.), and *Innovative Communications Technologies, Inc. v. ooVoo LLC*, Civil Action No. 2:12-cv-00008 (E.D. Va.).

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,513,066

15. SPIPG incorporates paragraphs 1 through 14 as if fully set forth herein.

16. On January 28, 2003, United States Patent No. 6,513,066 ("the '066 Patent"), entitled "ESTABLISHING A POINT-TO-POINT INTERNET COMMUNICATION" (Exhibit A), duly and legally issued. SPIPG owns all rights, title, and interest in and to the '066 Patent, including the right to sue for past infringement.

17. On November 23, 2010, an Ex Parte Reexamination Certificate (Exhibit B) duly and legally issued for the '066 Patent.

18. The claims of the '066 Patent are valid and enforceable.

19. Defendant Bandwidth.com has infringed and is infringing the '066 Patent, by at least selling, offering to sell, and using VoIP products and/or services, such as Phonebooth.com, that infringe one or more claims of the '066 Patent. Defendant Bandwidth.com has done so without authority and therefore has infringed the '066 Patent as set forth in 35 U.S.C. § 271.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,701,365

20. SPIPG incorporates paragraphs 1 through 14 as if fully set forth herein.

21. On March 2, 2004, United States Patent No. 6,701,365 ("the '365 Patent"), entitled "POINT-TO-POINT INTERNET PROTOCOL" (Exhibit C), duly and legally issued. SPIPG owns all rights, title, and interest in and to the '365 Patent, including the right to sue for past infringement.

22. On August 3, 2010, an Ex Parte Reexamination Certificate (Exhibit D) duly and legally issued for the '365 Patent.

23. The claims of the '365 Patent are valid and enforceable.

24. Defendant Bandwidth.com has infringed and is infringing the '365 Patent, by at least selling, offering to sell, and using VoIP products and/or services, such as Phonebooth.com, that infringe one or more claims of the '365 Patent. Defendant Bandwidth.com has done so without authority and therefore has infringed the '365 Patent as set forth in 35 U.S.C. § 271.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(A) Enter a judgment in favor of SPIPG that Defendant Bandwidth.com has infringed the '066 Patent and the '365 Patent;

(B) Enter an injunction prohibiting Bandwidth.com from making, using, selling, or offering for sale infringing products and/or services in the United States;

(C) Award SPIPG damages in an amount sufficient to compensate SPIPG for Bandwidth.com's infringement of the Asserted Patents, but no less than a reasonable royalty, together with interest (both pre-and post-judgment), costs, and disbursements as fixed by this Court under 35 U.S.C. § 284;

(D) Declare this case exceptional under 35 U.S.C. § 285 and award SPIPG its reasonable attorneys' fees, expenses and costs incurred in this action; and

(E) Grant SPIPG such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, SPIPG respectfully demands a trial by jury on all issues properly triable by a jury in this action.

Dated: August 1, 2013

Respectfully submitted,

STRAIGHT PATH IP GROUP, INC.

*[signature]*

Brent L. VanNorman
(Va. State Bar No. 45956)
HUNTON & WILLIAMS LLP
500 East Main Street, Suite 1000
Norfolk, Virginia 23510
Ofc. (757) 640-5300
Fax. (757) 625-7720
Email bvannorman@hunton.com

*Counsel for Straight Path IP Group, Inc.*

Of Counsel:
David K. Callahan, P.C.
Alicia L. Shah
P. Daniel Bond
Archit P. Shah
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
Phone: (312) 862-2000
Facsimile: (312) 862-2200
david.callahan@kirkland.com
alicia.shah@kirkland.com
daniel.bond@kirkland.com
archit.shah@kirkland.com